Jason S. Ritchie
Michael P. Manning
Ritchie Manning Kautz PLLP
175 North 27th Street, Suite 1206
Billings, Montana 59101
Telephone: (406) 601-1400
Facsimile: (406) 545-0412
jritchie@rmkfirm.com
mmanning@rmkfirm.com

Attorneys for Defendants

FILED
APRIL 6, 2023
Clerk, U.S. District Court
District of Montana
Billings Division

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| LANDON KNIGHT and TRAVIS RODENBERGER,<br><br>Plaintiffs,<br><br>vs.<br><br>SIBANYE STILLWATER LIMITED, and STILLWATER MINING COMPANY, MATT O'REILLY, and DAVID CRABTREE,<br><br>Defendants. | Cause No. **CV-23-37-BLG-SPW-KLD**<br><br>**NOTICE OF REMOVAL** |

Defendants Sibanye Stillwater Limited, Stillwater Mining Company, Matt O'Reilly, and David Crabtree, collectively "Defendants" by their attorneys, hereby make a special and limited appearance and, pursuant to 28 U.S.C. § 1446, with notice of removal of the above-captioned action to the United States District Court

for the District of Montana and state that removal to the federal court is proper for the following reasons:

1.     On or about December 27, 2022, Plaintiffs filed a Complaint in the Montana Twenty-Second Judicial District Court, Stillwater County.  On or about February 2, 2023, Plaintiffs filed a First Amended Complaint and Jury Demand.  True and correct copies of Plaintiffs' Complaint and First Amended Complaint are attached hereto as Exhibits A and B, respectively, and incorporated herein by reference.

2.     Defendants' attorney of record signed Acknowledgments and Waiver of Service of Summons on March 16, 2023.  Exhibit C.

3.     Defendants have not yet filed their Answer, nor entered any other appearance in the state court proceeding.  To the knowledge of Defendants, no other papers are on file in this action with the state court.

4.     This action is now pending in state court within the district of the United States District Court for the District of Montana.

5.     This instant Notice of Removal is filed within thirty (30) days of Defendants' receipt of notice of this action by receipt of a copy of the initial pleading setting forth the claim for relief upon which the action is based.  The time for filing this Notice of Removal under 28 U.S.C. § 1446(b) has not expired.

6. Title 28 U.S.C. § 1441(b) provides the basis for removal jurisdiction to this court in this action as this is a state court action over which the court has original jurisdiction under 28 U.S.C. § 1331.

7. This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Plaintiffs claims for wrongful discharge are preempted by § 301 of the Labor Management Relations Act ("LMRA"). 29 U.S.C. § 185(a).

8. At all times relevant to this action, Plaintiffs Landon Knight and Travis Rodenberger were members of the United Steel Workers International Union, Local 11-0001 ("Union"). Declaration of Lowell Burris at ¶ 4 (April 4, 2023).

9. As members of the Union, Plaintiffs employment was governed by the Collective Bargaining Agreement between Sibanye-Stillwater and the Union for the Nye-Columbus Unit ("CBA"). Burris Dec. ¶ 5. A true and correct copy of the CBA was attached to Burris's declaration as Exhibit A.

10. Under the "complete preemption doctrine," if an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law is removable. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). "Controversies involving collective bargaining agreements constitute one such area." *Galvez v. Kuhn*, 933 F.2d 773, 776 (9th Cir. 1991), citing *Lingle v. Norge*

*Division of Magic Chef, Inc.,* 486 U.S. 399 (1988) and *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985).

11. Here, the plaintiffs have alleged that their discharge from employment was wrongful. *See* First Amended Complaint at ¶¶ 33-44. The CBA governs the termination of employees. CBA, page 11 ("Termination of employment will be in cases where the severity of the problem justifies termination or in cases where other progressive disciplinary steps have been taken.") Therefore, Plaintiff's claims for wrongful discharge are preempted.

12. The Plaintiffs have also alleged negligent infliction of emotional distress arising out of Defendants' conduct as Plaintiffs' employer. *See* First Amended Complaint at ¶¶ 23-32, Ex. A. Where the conduct alleged to give rise to the intentional and negligent infliction of emotional distress claims all concerns aspects of the employment relationship covered by the collective bargaining agreement, such claims are preempted by Section 301. *Miller v. AT & T Network Systems*, 850 F.2d 543, 551 (9th Cir. 1988).

13. Pursuant to 28 U.S.C. §1446(d), promptly after the filing of this Notice of Removal of this action, Defendants shall give written notice thereof to Plaintiffs and shall filed a copy of the Notice of Removal with the Clerk of the District Court, Montana Twenty-Second Judicial District Court, Stillwater County, Montana, has been removed to this United States District Court for Montana.

DATED this 6th day of April, 2023.

                RITCHIE MANNING KAUTZ PLLC


                By: /s/ Jason S Ritchie
                     Jason S. Ritchie

                *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April, 2023, a copy of the foregoing document was served via U.S. Mail on the following persons:

Quentin M. Rhoades
Rhoades & Erickson PLLC
430 Ryman Street
Missoula, Montana  59802
courtdocs@montanalawyer.com
*Attorneys for Plaintiffs*

                                                 By:   /s/ Jason S Ritchie
                                                                Jason S. Ritchie